UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

Shilpa Tikendrakumar Patel,
Massachusetts,
Rashmikaben R. Suthar,
Massachusetts, Ravirajanikant
Suthar, Massachusetts,
Pankajkumar Jayantilal Patel,
Massachusetts, Dipikaben
Pankajkumar, Massachusetts,
Vishant Rameshbhai Patel,
Massachusetts, Devalben
Vishantkumar Patel
Massachusetts, Vijaykumar
Rasiklal Patel, Massachusetts,
Paragiben Vijaykumar Patel,
Massachusetts, Ketan Ambalal
Patel, Massachusetts, Sonalben
Ketan Patel, Massachusetts,
Mayuriben Malaykumar Patel
Massachusetts, Malaykumar
Pravinbhai Patel,
Massachusetts, Kishorbhai
Joitaram Patel, Massachusetts,
Rohitkumar Kanthibhai Patel,
Massachusetts, Pinalben
Sureshkumar Patel
Massachusetts, Sahil Sureshbhai
Patel, Massachusetts,
Alpeshkumar Gopalbhai Patel,
Massachusetts, Monika Chintak
Patel, Massachusetts, Chintak
Kanaiyalal Patel, Massachusetts
Tejalben Natvarlal Mistri,
Massachusetts, Ashishkumar
Bharat Kumar Mistri,
Massachusetts, Hetalben
Chetankumar Patel,
Massachusetts, Massachusetts,

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

Chetankumar Rameshbhai
Patel, Massachusetts,
Nayanaben Dipakkumar Patel
Massachusetts, Dipakkumar
Bhaktibhai Patel,
Massachusetts,   Yash
Dipakkumar Patel,
Massachusetts,  Kartikkumar
Jitendrakumar Patel,
Massachusetts, Mittalben
Hemilkumar Patel  ,
Massachusetts,  Hemilkumar
Vishnubhai Patel,
Massachusetts,  Varshaben
Vishnukumar Patel,
Massachusetts,  Vishnukumar
Natvarlal Patel,  Massachusetts,
Girishkumar Baldevbhai Patel
Massachusetts,  Hardikbhai
Kamaleshbhai Patel,
Massachusetts,  Gautamkumar
Jivabhai Patel,  Krupa Keshavlal
Patel,  Massachusetts,
Rameshkumar Atmram Patel,
Massachusetts,  Sonara Kiritbhai
Jalpa,  Massachusetts,  Sunny
Dipikkumar Patel,
Massachusetts, Ravi Kiran
Jeripothula, Georgia  Vidyavani
Jeripothula, Georgia, Laxmi
Prasanna Jeripothula, Georgia,
Dashrathbhai Narandas Patel,
New Jersey, Vimlaben
Dashrathbhai Patel, New Jersey,
Hetalben Kajalkumar Patel, New
Jersey, Kajalkumar Baldevbhai
Patel, New Jersey,  Nitinkumar

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

| | |
|---|---|
| Joitaram Patel, Pennsylvania, Harshidaben Nitinkumar Patel, Pennsylvania, Ravikumar Patel, Rhode Island law, Bhaveshkumar Ramabhai Patel and Pinalben Hasmukhbhai Patel, Massachusetts, Kaminiben Navaneetbhai Patel, New Jersey, Mayurkumar Ranachhodbhai Patel, Connecticut, Ushaben Dineshlal Patel, Connecticut, Dhavalkumar Keshabhai Suthar, West Chicago, Urvashiben Dineshbhai Daraji, West Chicago, Kartikkumar Ketankumar Patel, West Chicago, Dimpalben Kartikkumar Patel, Tennessee, Kalpeshkumar Rambhai Patel, Tennessee, Ashaben Kalpeshkumar Patel, Pennsylvania, Ashaben Kalpeshkumar Patel, Pennsylvania | |
| Plaintiffs | |
| v. | |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

Connie Nolan, Director, USCIS
Vermont Service Center, 38
River Road
Essex Junction, VT 05479-0001;
Connie Nolan, Director, USCIS
Nebraska Service Center,
850 S Street
Lincoln, NE 68508

       Defendants

Tejas G. Patel,Esq.
tejas.p@tplglobal.net
T.P.L. Global, LLC
Address: 100 Tradecenter, Suite G700,
Woburn, MA 01801,
United States
Phone: (1)-617-391-7741
Fax: 617-684-6414
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

| | |
|---|---|
| Tikendra Ramanlal Patel, Massachusetts, Shilpa Tikendrakumar Patel, Massachusetts, see the additional page. | Case No. |
| Plaintiffs | |
| v. | |
| Merrick B. Garland, Attorney General of the United States, 950 Pennsylvania Ave., NW, Washington, D.C. 20530; Alejandro N. Mayorkas, Secretary of Homeland Security; Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services, 20 Massachusetts Avenue, NW, Washington, D.C. 20520; See the additional page. | Complaint for Declaratory, Mandamus, and Injunctive Relief 5 U.S.C. § 702, 5 U.S.C. § 555 (b) (Administrative Procedures Act) |
| Defendants | |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

Rashmikaben R. Suthar,
Massachusetts, Ravirajanikant
Suthar, Massachusetts,
Pankajkumar Jayantilal Patel,
Massachusetts, Dipikaben
Pankajkumar, Massachusetts,
Vishant Rameshbhai Patel,
Massachusetts, Devalben
Vishantkumar Patel
Massachusetts, Vijaykumar
Rasiklal Patel, Massachusetts,
Paragiben Vijaykumar Patel,
Massachusetts, Ketan Ambalal
Patel, Massachusetts, Sonalben
Ketan Patel, Massachusetts,
Mayuriben Malaykumar Patel
Massachusetts, Malaykumar
Pravinbhai Patel,
Massachusetts, Kishorbhai
Joitaram Patel, Massachusetts,
Rohitkumar Kanthibhai Patel,
Massachusetts, Pinalben
Sureshkumar Patel
Massachusetts, Sahil Sureshbhai
Patel, Massachusetts,
Alpeshkumar Gopalbhai Patel,
Massachusetts, Monika Chintak
Patel, Massachusetts, Chintak
Kanaiyalal Patel, Massachusetts
Tejalben Natvarlal Mistri,
Massachusetts, Ashishkumar
Bharat Kumar Mistri,
Massachusetts, Hetalben
Chetankumar Patel,
Massachusetts, Massachusetts,

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

| | |
|---|---|
| Chetankumar Rameshbhai Patel, Massachusetts, Nayanaben Dipakkumar Patel Massachusetts, Dipakkumar Bhaktibhai Patel, Massachusetts,  Yash Dipakkumar Patel, Massachusetts,  Kartikkumar Jitendrakumar Patel, Massachusetts, Mittalben Hemilkumar Patel  , Massachusetts,  Hemilkumar Vishnubhai Patel, Massachusetts,  Varshaben Vishnukumar Patel, Massachusetts,  Vishnukumar Natvarlal Patel,  Massachusetts, Girishkumar Baldevbhai Patel Massachusetts,  Hardikbhai Kamaleshbhai Patel, Massachusetts,  Gautamkumar Jivabhai Patel,  Krupa Keshavlal Patel,  Massachusetts, Rameshkumar Atmram Patel, Massachusetts,  Sonara Kiritbhai Jalpa,  Massachusetts,  Sunny Dipikkumar Patel, Massachusetts, Ravi Kiran Jeripothula, Georgia  Vidyavani Jeripothula, Georgia, Laxmi Prasanna Jeripothula, Georgia, Dashrathbhai Narandas Patel, New Jersey, Vimlaben Dashrathbhai Patel, New Jersey, Hetalben Kajalkumar Patel, New Jersey, Kajalkumar Baldevbhai Patel, New Jersey,  Nitinkumar | |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

| | |
|---|---|
| Joitaram Patel, Pennsylvania, Harshidaben Nitinkumar Patel, Pennsylvania, Ravikumar Patel, Rhode Island law, Bhaveshkumar Ramabhai Patel and Pinalben Hasmukhbhai Patel, Massachusetts, Kaminiben Navaneetbhai Patel, New Jersey, Mayurkumar Ranachhodbhai Patel, Connecticut, Ushaben Dineshlal Patel, Connecticut, Dhavalkumar Keshabhai Suthar, West Chicago, Urvashiben Dineshbhai Daraji, West Chicago, Kartikkumar Ketankumar Patel, West Chicago, Dimpalben Kartikkumar Patel, Tennessee, Kalpeshkumar Rambhai Patel, Tennessee, Ashaben Kalpeshkumar Patel, Pennsylvania, Ashaben Kalpeshkumar Patel, Pennsylvania | |
| Plaintiffs | |
| v. | |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON (EASTERN) DIVISION

Connie Nolan, Director, USCIS
Vermont Service Center, 38
River Road
Essex Junction, VT 05479-0001;
Connie Nolan, Director, USCIS
Nebraska Service Center,
850 S Street
Lincoln, NE 68508

      Defendants

# I.    Introduction

1. This is an action for declaratory, mandamus and injunctive relief, and for relief under the Administrative Procedures Act 5 U.S.C. Sec. 555 (b).

2. The majority of Plaintiffs are Massachusetts residents who have been victims of crimes which qualify for a "U-Visa". They cooperated with law enforcement in the investigation of the crimes. They submitted an application for a special non-immigrant status commonly called the "U Visa." They have complied with all statutory and regulatory requirements for this special non-immigrant status. The Plaintiffs bring this action to obtain an order compelling the immigration agency, USCIS, to complete their Bona Fide Determination review of their applications, place their name on the U Visa waiting list as required by the plain language of the regulations and to issue work authorization pursuant to statute.

# II.    Jurisdiction

## a. Subject Matter

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Immigration and Nationality Act, 8 U.S.C. §1101 et seq. and regulations arising

thereunder. Furthermore, Article III of the United States Constitution gives federal courts jurisdiction over "all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority.

2. This Court also has jurisdiction under 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act) and Rule 57 of the Federal Rules of Civil Procedure which governs the procedure for obtaining a declaratory judgement. This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. § 1361, 2202, and 5 U.S.C. §702. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

3. Jurisdiction is also conferred pursuant to 5 U.S.C. § 555 (b) the Administrative Procedures Act ("APA"), and 5 U.S.C. § 702. The APA requires with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555 (b) and must carry out its duties within a reasonable time.[1]

---

[1] *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006)

4. This Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. The present action does not seek review of a removal order nor do Plaintiffs seek monetary damages but is simply an action to compel USCIS to adjudicate the Plaintiffs' unreasonably delayed applications.

## b. Personal Jurisdiction

1. The Honorable Court has personal jurisdiction over the Defendants as per the Massachusetts Long Arm Statute Title II Ch. 223A § 3 (e) which states, "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's having an interest in, using or possessing real property in this commonwealth." In the present case, the Defendants maintain, use and possess real property in this Commonwealth, including but not limited to, the following locations: 1) 15 New Sudbury Street, Room 320 Boston, MA 02203; 2) 1000 District Ave, Burlington, MA 01803; and 3) 2 Mill St, Lawrence, MA 01840.

2. In addition to the Massachusetts Long Arm Statute, this Honorable Court has general jurisdiction over the Defendants. A court can retain general personal jurisdiction over a defendant when the defendant's activities in the forum state are so substantial that it is reasonable to

require it to defend a lawsuit that did not arise out of its activities in the

forum state and is unrelated to those activities.[2] In the present case, the

Defendants engage in substantial activities in the Commonwealth via

their USCIS field office, ICE office, Immigration court, and other offices,

such that it is reasonable to require Defendants to defend this action in

this Commonwealth.

## III.   Venue

1. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of

   Massachusetts because most of the Plaintiffs reside in Massachusetts.

   The statute provides that in an action in which a defendant is an officer

   or employee of the United States, the action "may . . . be brought in any

   judicial district in which . . . the Plaintiff resides if no real property is

   involved in the action."[3] There is no real property involved in this action.

   Also, only one of the Plaintiffs need reside in the district for venue to be

   proper under 28 U.S.C. § 1391(e)(3).[4] Courts have held that although

   nonresident noncitizens do not "reside" in any district for venue purposes,

   venue can still be proper in the district when significant events occurred

---

[2] see Helicopteros Nacionales v. Hall, 466 U.S. 408 (1984)
[3] Id
[4] Exxon Corp. v. F.T.C., 588 F.2d 895, 899 (3d Cir. 1978).

in the district.[5]

## IV. Parties

### a. Plaintiffs Who Reside in Massachusetts

1. Plaintiffs Tikendra Ramanlal Patel and Shilpa Tikendrakumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under § 101(a)(15)(U)(i) of the Immigration and Nationality Act (hereinafter INA), commonly called the U Visa program.

2. Plaintiffs Rashmikaben R. Suthar and Ravirajanikant Suthar are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

3. Plaintiffs Pankajkumar Jayantilal Patel and Dipikaben Pankajkumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

---

[5] See, Ibrahim v. Chertoff, No. 06-2071, 2007 U.S. Dist. LEXIS 38352, *13 (S.D. Cal. May 24, 2007) (finding that nonresident noncitizens do not "reside" in any district for venue purposes, but nevertheless finding proper venue because events significant to the case occurred in the district); see also Taing v. Chertoff, 526 F. Supp. 2d 177, 180 (D. Mass. 2007) (finding venue in Massachusetts where, among others, a substantial part of the events giving rise to the claim occurred in Massachusetts and the USCIS Boston Region/District Office denied the application).

4. Plaintiffs Vishant Rameshbhai Patel and Devalben Vishantkumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

5. Plaintiffs Vijaykumar Rasiklal Patel and Paragiben Vijaykumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

6. Plaintiffs Ketan Ambalal Patel and Sonalben Ketan Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

7. Plaintiffs Mayuriben Malaykumar Patel and Malaykumar Pravinbhai Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

8. Plaintiff Kishorbhai Joitaram Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

9. Plaintiffs Rohitkumar Kanthibhai Patel and Pinalben Sureshkumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

10. Plaintiff Sahil Sureshbhai Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

11. Plaintiff Alpeshkumar Gopalbhai Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

12. Plaintiffs Monika Chintak Patel and Chintak Kanaiyalal Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

13. Plaintiffs Tejalben Natvarlal Mistri and Ashishkumar Bharat Kumar Mistri are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

14. Plaintiffs Hetalben Chetankumar Patel and Chetankumar Rameshbhai

Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

15. Plaintiffs Nayanaben Dipakkumar Patel, Dipakkumar Bhaktibhai Patel and Yash Dipakkumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

16. Plaintiff Kartikkumar Jitendrakumar Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

17. Plaintiffs Mittalben Hemilkumar Patel and Hemilkumar Vishnubhai Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

18. Plaintiffs Varshaben Vishnukumar Patel and Vishnukumar Natvarlal Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

19. Plaintiff Girishkumar Baldevbhai Patel is a victim of a qualified U visa

crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

20. Plaintiff Hardikbhai Kamaleshbhai Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

21. Plaintiffs Gautamkumar Jivabhai Patel and Krupa Keshavlal Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

22. Plaintiff Rameshkumar Atmram Patel is a victim of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and has sought nonimmigrant status under the U Visa program.

23. Plaintiffs Sonara Kiritbhai Jalpa and Sunny Dipikkumar Patel are victims of a qualified U visa crime, fully cooperated with Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

**b. Plaintiffs Who Reside Outside of Massachusetts**

1. Plaintiffs Ravi Kiran Jeripothula, Vidyavani Jeripothula and Laxmi Prasanna Jeripothula are victims of a qualified U visa crime, fully

cooperated with Georgia law enforcement and have sought nonimmigrant status under the U Visa program.

2. Plaintiffs Dashrathbhai Narandas Patel and Vimlaben Dashrathbhai Patel are victims of a qualified U visa crime, fully cooperated with New Jersey law enforcement and have sought nonimmigrant status under the U Visa program.

3. Plaintiffs Hetalben Kajalkumar Patel and Kajalkumar Baldevbhai Patel are victims of a qualified U visa crime, fully cooperated with New Jersey law enforcement and have sought nonimmigrant status under the U Visa program.

4. Plaintiffs Nitinkumar Joitaram Patel and Harshidaben Nitinkumar Patel are victims of a qualified U visa crime, fully cooperated with Pennsylvania law enforcement and have sought nonimmigrant status under the U Visa program.

5. Plaintiff Ravikumar Patel is a victim of a qualified U visa crime, fully cooperated with Rhode Island law enforcement and has sought nonimmigrant status under the U Visa program.

6. Plaintiffs Bhaveshkumar Ramabhai Patel and Pinalben Hasmukhbhai Patel are victims of a qualified U visa crime, fully cooperated with

Massachusetts law enforcement and have sought nonimmigrant status under the U Visa program.

7. Plaintiff Kaminiben Navaneetbhai Patel is a victim of a qualified U visa crime, fully cooperated with New Jersey law enforcement and has sought nonimmigrant status under the U Visa program.

8. Plaintiffs Mayurkumar Ranachhodbhai Patel and Ushaben Dineshlal Patel are victims of a qualified U visa crime, fully cooperated with Connecticut law enforcement and have sought nonimmigrant status under the U Visa program.

9. Plaintiffs Dhavalkumar Keshabhai Suthar and Urvashiben Dineshbhai Daraji are victims of a qualified U visa crime, fully cooperated with West Chicago, IL law enforcement and have sought nonimmigrant status under the U Visa program.

10. Plaintiffs Kartikkumar Ketankumar Patel and Dimpalben Kartikkumar Patel are victims of a qualified U visa crime, fully cooperated with Tennessee law enforcement and have sought nonimmigrant status under the U Visa program.

11. Plaintiffs Kalpeshkumar Rambhai Patel and Ashaben Kalpeshkumar Patel are victims of a qualified U visa crime, fully cooperated with

Pennsylvania enforcement and have sought nonimmigrant status under the U Visa program.

## c. Defendants

1. Defendant Merrick B. Garland is the Attorney General of the United States and the head of the U.S. Department of Justice (DOJ). He shares responsibility for the administration and enforcement of the immigration laws. He is named in his official capacity.

2. Defendant Alejandro Mayorkas is the Secretary of Homeland Security and is the head of the U.S. Department of Homeland Security (DHS) and has ultimate responsibility for the administration and enforcement of the immigration laws. He is named in his official capacity.

3. Defendant Ur M. Jaddou is Director of the U.S. Citizenship and Immigration Services. She exercises authority over USCIS activities related to U nonimmigrant applications. She is named in her official capacity.

4. Defendant Connie Nolan is the Field Office Director of the USCIS Vermont Service Center and USCIS Nebraska Service Center. She exercises authority over USCIS activities related to U nonimmigrant applications. She is named in her official capacity.

# V. Legal Framework

## a. The U Visa Program, INA § 101(a)(15)(U)

1. On October 28, 2000, Congress created the U Visa program.[6]

2. Concerned that "immigrant Plaintiffs are often targeted to be victims of crimes committed against them in the United States" and that all women and children who are victims of these crimes committed against them in the United States must be able to report these crimes to law enforcement and fully participate in the investigation of the crimes, Congress acted to establish the U Visa program in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain qualified crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States."[7] "This visa will encourage law enforcement officials to better serve immigrant crime victims and to prosecute crimes committed against aliens.[8]"

3. The U Visa program creates a mechanism for noncitizen victims of

---

[6] See Victims of Trafficking and Violence Prevention Act of 2000 (VTVPA), Pub. L. No. 106-386, Title V, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (2000).

[7] See VTVPA § 1513(a)(2)(A), 114 Stat. 1533.

[8] Id.

qualified crime to safely engage law enforcement and, likewise, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of United States.

4.  The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute qualified crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue for regularization of their immigrant status, the U Visa encourages victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants.[9]

5. A noncitizen is eligible for status under the U Visa program if (1) she suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) she possesses or possessed information concerning the criminal activity; (3) she has been helpful,

---

[9] See, e.g., U and T Visa Law Enforcement Resource Guide, DEPARTMENT OF HOMELAND SECURITY (January 4, 2016) https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf

is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States.[10]

6. A statutory cap limits the grant of U Visas to 10,000 per fiscal year.[11] The statutory cap only applies to principal applicants and does not apply to derivative applicants.[12]

7. A wait list was created by regulation to provide deferred action to an eligible petitioner whenever the statutory cap is reached within a given fiscal year.[13] Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. [14]

---

[10] See INA § 101(a)(15)(U)(II)(iii).
[11] See INA § 214(p)(2)(A); 8 C.F.R. § 214.14(d)(1).
[12] INA § 214(p)(2)(B).
[13] See New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)).
[14] 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

b. **The U Visa Administrative Process**

1. The administrative processing to accord U nonimmigrant status to eligible petitioners is tightly prescribed and regulated.

2. First, a petitioner must obtain a certification from a law enforcement official that she was the victim of a crime, the crime is a recognized crime under the U Visa program, and that she was, is or likely to be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification.[15]

3. Second, on submission, the USCIS makes a completeness check to verify that all required initial evidence is present. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; Form I-192, Application for Advance Permission to Enter as Nonimmigrant, if there are any inadmissibility issues; a personal statement describing the criminal activity of which the applicant was a victim; and evidence to establish each eligibility requirement.

---

[15] See 8 C.F.R. § 214.14(a)(12).

4. Third, USCIS either adjudicates the petition by according U-nonimmigrant status or, in most cases, places the petitioner on the wait-list status for an adjudication.[16]

5. If the statutory cap has not been reached, the USCIS adjudicates the petition for U nonimmigrant status.

6. If the statutory cap has been reached, USCIS must place the petitioner on the waiting list until an adjudication can be made.[17]

7. Once the individual has been granted deferred action, he or she may apply for and receive employment authorization by submitting Form I-765.

## c. Bona Fide Screening

1. In June 2021, USCIS implemented the bona fide determination process. The bona fide determination process was created with the goal of conducting initial reviews of U nonimmigrant status petitions more efficiently and providing eligible victims of qualifying crimes with employment authorization and deferred action while they await a final adjudication of their petition for U nonimmigrant status under the

---

[16] See 8 C.F.R. § 214.14(d)(2).

[17] 8 C.F.R. § 214.14(d) ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement.").

annual statutory cap. This will provide victims with stability and better equip them to cooperate with and assist law enforcement. This policy applies to all Form I-918 petitions pending as of June 14, 2021, filed by principal petitioners and qualifying family members living in the United States, as well as Form I-918 petitions filed on or after this date by principal petitioners and their qualifying family members living in the United States.

2. Congress granted USCIS the authority to grant work authorization for petitioners with pending, bona fide applications.[18] Given there are more U visa petitioners each year than available visas, the regulations require USCIS to place all eligible U visa petitioners on a waiting list.[19]

3. A bona fide application means an application where there appears to be no instance of fraud in the application, the application is complete, properly filed, contains an LEA endorsement, includes completed fingerprint and background checks, and presents prima facie evidence to show eligibility for U nonimmigrant status.[20]

---

[18] INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").
[19] 8 C.F.R. § 214.14(d)(2).
[20] See, e.g., 8 C.F.R. § 214.11(k) (defining "bona fide" for related statutory nonimmigrant program)

# VI. Statement of Facts

### 1)  Plaintiffs Tikendra Ramanlal Patel and Shilpa Tikendrakumar Patel

1.1  Plaintiff, Tikendra Ramanlal Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on July 6, 2020. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on June 30, 2021 to USCIS Vermont Service Center.[21] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[22] Plaintiff also included his spouse, Shilpa Tikendra Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[23]

1.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on July 10, 2021. However, despite filing their U-visa case 2 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization

---

[21]  See exhibit 1
[22]  Id
[23]  Id

Document.[24] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[25] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**2)    Plaintiffs Rashmikaben R Suthar and Ravirajanikant Suthar**

2.1    Plaintiff, Rashmikaben R Suthar, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on May 27, 2008. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on September 27, 2021 to USCIS Vermont Service Center.[26] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[27] Plaintiff also included her spouse, Ravirajnikant Suthar, as a beneficiary and filed forms I-918 Supplement

---

[24] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[25] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

[26] See exhibit 2

[27] Id

A, I–765 and I-192.[28]

2.2   Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on September 27, 2021. However, despite filing their U-visa case 2 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[29] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[30] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[28] Id

[29] See USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[30] See USCIS' New Internal Cycle Time Goals established in March 2022, See Exhibit 36 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**3) Plaintiffs Pankajkumar Jayantilal Patel and Dipikaben Pankajkumar Patel**

3.1  Plaintiff, Pankajkumar Jayantilal Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on September 2, 2021. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on November 15, 2021 to USCIS Vermont Service Center.[31] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[32] Plaintiff also included his spouse, Dipikaben Pankajkumar Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[33]

3.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on November 18, 2021. However, despite filing their U-visa case 2 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[34] In March 2022, USCIS issued new internal cycle time goals

---

[31] See exhibit 3
[32] Id
[33] Id
[34] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

for various forms, including form I-765, in order to reduce the agency's pending caseload.[35] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**4) Plaintiffs Vishant Rameshbhai Patel and Devalben Vishantkumar Patel**

4.1 Plaintiff, Vishant Rameshbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on November 11, 2017. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on February 14, 2022 to USCIS Vermont Service Center.[36] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement[37]. Plaintiff also included his spouse, Devalben Vishantkumar Patel, as a beneficiary and filed forms I-918

---

[35] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[36] See exhibit 4
[37] Id

Supplement A, I–765 and I-192.[38]

4.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 17, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[39] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[40] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[38] Id

[39] See USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[40] See USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**5) Plaintiffs Vijaykumar Rasiklal Patel and Paragiben Vijaykumar Patel**

5.1 Plaintiff, Vijaykumar Rasiklal Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on October 2, 2021. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on February 22, 2022 to USCIS Vermont Service Center.[41] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[42] Plaintiff also included his spouse, Paragiben Vijaykumar Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[43]

5.2 Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 24, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[44] In March 2022, USCIS issued new internal cycle time goals

---

[41] See exhibit 5
[42] Id
[43] Id
[44] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

for various forms, including form I-765, in order to reduce the agency's pending caseload.[45] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 6) Plaintiffs Ketan Ambalal Patel and Sonalben Ketan Patel

6.1 Plaintiff, Ketan Ambalal Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on May 11, 2021. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on February 10, 2023 to USCIS Vermont Service Center.[46] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[47] Plaintiff also included his spouse, Sonalben Ketan Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[48]

---

[45] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[46] See exhibit 6
[47] Id
[48] Id

6.2   Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 16, 2023. However, despite filing their U-visa case 7 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[49] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[50] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 7 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 7)   Plaintiffs Mayuriben Malaykumar Patel and Malaykumar Pravinbhai Patel

7.1   Plaintiff, Mayuriben Malaykumar Patel, is a victim of a qualifying U-

---

[49] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[50] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

Non-immigrant visa crime which took place in Massachusetts on January 10, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on October 31, 2022 to USCIS Vermont Service Center.[51] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[52] Plaintiff also included her spouse, Malaykumar Pravinbhai Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[53]

7.2 Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on November 3, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[54] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[55] As per USCIS' own metrics, USCIS determined it

---

[51] See exhibit 7

[52] Id

[53] Id

[54] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[55] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 8)  Plaintiff Kishorbhai Joitaram Patel

8.1  Plaintiff, Kishorbhai Joitaram Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on June 24, 2012. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on April 15, 2022 to USCIS Vermont Service Center.[56] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[57]

8.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on April 19, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue  a  Bona  Fide  Determination  Employment  Authorization

---

[56] See exhibit 8
[57] Id

Document.[58] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[59] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**9)    Plaintiffs Rohitkumar Kanthibhai Patel and Pinalben Sureshkumar Patel**

9.1   Plaintiff, Rohitkumar Kanthibhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on February 14, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on October 21, 2022 to USCIS Vermont Service Center.[60] Plaintiff also filed forms I-918 Supplement B,

---

[58] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[59] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[60]  See exhibit 9

I-765 and I-192 and a personal statement.[61] Plaintiff also included her spouse, Pinalben Sureshkumar Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[62]

9.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on October 26, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[63] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[64] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[61] Id

[62] Id

[63] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[64] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**10)  Plaintiff Sahil Sureshbhai Patel**

10.1  Plaintiff, Sajil Sureshbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on February 14, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on October 7, 2022 to USCIS Vermont Service Center.[65] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[66]

10.2  Plaintiff received an I-797C Notice of Action in connection with their U-visa application from USCIS on October 12, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[67] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[68] As per USCIS' own metrics, USCIS determined it

---

[65] See exhibit 10

[66] Id

[67] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[68] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 11)  Plaintiff Alpeshkumar Gopalbhai Patel

11.1  Plaintiff, Alpeshkumar Gopalbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on April 4, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on November 15, 2022 to USCIS Vermont Service Center.[69] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[70]

11.2  Plaintiff received an I-797C Notice of Action in connection with their U-visa application from USCIS on November 21, 2022. However, despite filing their U-visa case 8 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment

---

[69] See exhibit 11
[70] Id

Authorization Document.[71] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[72] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 8 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 12)  Plaintiffs Monika Chintak Patel and Chintak Kanaiyalal Patel

12.1  Plaintiff, Monika Chintak Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on March 9, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on November 15, 2022 to USCIS Vermont Service Center.[73] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[74] Plaintiff also included her spouse,

---

[71] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[72] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[73] See exhibit 12
[74] Id

Chintak Kanaiyalal Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[75]

12.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on November 18, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[76] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[77] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[75] Id

[76] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[77] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**13) Plaintiffs Tejalben Natvarlal Mistri and Ashishkumar Bharatkumar Mistri**

13.1  Plaintiff, Tejalben Natvarlal Mistri, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on April 4, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on September 2, 2022 to USCIS Vermont Service Center.[78] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[79] Plaintiff also included her spouse, Ashishkumar Bharatkumar Mistri, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[80]

13.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on September 9, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[81] In March 2022, USCIS issued new internal cycle time goals

---

[78] See exhibit 13
[79] Id
[80] Id
[81] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

for various forms, including form I-765, in order to reduce the agency's pending caseload.[82] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 14) Plaintiffs Hetalben Chetankumar Patel and Chetankumar Rameshbhai Patel

14.1 Plaintiff, Hetalben Chetankumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on April 4, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on September 15, 2022 to USCIS Vermont Service Center.[83] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[84] Plaintiff also included her spouse, Chetankumar Rameshbhai Patel, as a beneficiary and filed forms I-918

---

[82] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[83] See exhibit 14
[84] Id

Supplement A, I–765 and I-192.[85]

14.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on September 19, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[86] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[87] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[85] Id

[86] See USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[87] See USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**15) Plaintiffs Nayanaben Dipakkumar Patel, Dipakkumar Bhaktibhai Patel and Yash Dipakkumar Patel**

15.1  Plaintiff, Nayanaben Dipakkumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on June 10, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on January 6, 2023 to USCIS Vermont Service Center.[88] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[89] Plaintiff also included her spouse and son, Dipakbhai Bhaktibhai Patel and Yash Dipakkumar Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[90]

15.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on January 10, 2023. However, despite filing their U-visa case 8 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[91] In March 2022, USCIS issued new internal

---

[88] See exhibit 15
[89] Id
[90] Id
[91] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[92] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 8 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**16)   Plaintiff Kartikkumar Jitendrakumar Patel**

16.1   Plaintiff, Kartikkumar JitendraKumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on October 29, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on March 6, 2023 to USCIS Vermont Service Center.[93] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[94]

16.2   Plaintiff received an I-797C Notice of Action in connection with their U-visa application from USCIS on March 9, 2023. However, despite filing

---

[92] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[93] See exhibit 16
[94] Id

their U-visa case 6 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[95] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[96] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 6 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 17) Plaintiffs Mittalben Hemilkumar Patel and Hemilkumar Vishnubhai Patel

17.1 Plaintiff, Mittalben Hemilkumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on October 29, 2022. Consequently, Plaintiff submitted a U Non-immigrant

---

[95] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[96] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

visa application with form I-918 on February 8, 2023 to USCIS Vermont Service Center.[97] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[98] Plaintiff also included her spouse, Hemilkumar Vishubhai Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[99]

17.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on March 2, 2023. However, despite filing their U-visa case 6 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[100] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[101] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 6 months

---

[97] See exhibit 17
[98] Id
[99] Id
[100] See USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[101] See USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 18) Plaintiffs Varshaben Vishnukumar Patel and Vishnukumar Natvarlal Patel

18.1 Plaintiff, Varshaben Vishnukumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on October 29, 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on March 6, 2023 to USCIS Vermont Service Center.[102] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[103] Plaintiff also included her spouse, Vishnukumar Natvarlal Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[104]

18.2 Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on March 9, 2023. However, despite filing their U-visa case 6 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS

---

[102] See exhibit 18
[103] Id
[104] Id

has failed to issue a Bona Fide Determination Employment Authorization Document.[105] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[106] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 6 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm

**19) Plaintiff Girishkumar Baldevbhai Patel**

19.1 Plaintiff, Girishkumar Baldevbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on September 24, 2021. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on March 21, 2022 to USCIS Vermont Service Center.[107] Plaintiff also filed forms I-918 Supplement

---

[105] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[106] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[107] See exhibit 19

B, I-765 and I-192 and a personal statement.[108]

19.2  Plaintiff received an I-797C Notice of Action in connection with their U-visa application from USCIS on March 24, 2022. However, despite filing their U-visa case 1 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[109] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[110] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 year along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**20)   Plaintiff Hardikbhai Kamaleshbhai Patel**

20.1  Plaintiff, Hardikbhai Kameleshbhai Patel, is a victim of a qualifying U-

---

[108] Id

[109] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[110] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

Non-immigrant visa crime which took place in Massachusetts on March 3, 2018. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on October 19, 2020 to USCIS Vermont Service Center.[111] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[112]

20.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on October 20, 2020. However, despite filing their U-visa case 2 year ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document[113]. In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload[114]. As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 year along

---

[111] See exhibit 20

[112] Id

[113] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[114] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**21)  Plaintiffs Gautamkumar Jivabhai Patel and Krupa Keshava Patel**

21.1  Plaintiff, Gautamkumar Jivabhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on January 6 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on April 3, 2023 to USCIS Vermont Service Center.[115] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[116] Plaintiff also included her spouse, Krupa Keshava Patel, as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[117]

21.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on April 6, 2020. However, despite filing their U-visa case 4 Months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to

---

[115] See exhibit 21
[116] Id
[117] Id

issue a Bona Fide Determination Employment Authorization Document.[118] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[119] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 4 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 22) Plaintiff Rameshkumar Atmram Patel

22.1 Plaintiff, Rameshkumar Atmram Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on January 15 2018. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on August 11, 2020 to USCIS Vermont Service Center.[120] Plaintiff also filed forms I-918 Supplement B, I-765 and

---

[118] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[119] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[120] See exhibit 22

I-192 and a personal statement.[121]

22.2   Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on August 21, 2020. However, despite filing their U-visa case 2 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[122] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[123] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[121] Id

[122] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[123] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**23)    Plaintiffs Ravi Kiran Jeripothula, Vidyavani Jeripothula and Laxmi Prasanna Jeripothula.**

23.1    Plaintiff, Ravi Kiran Jeripothula, is a victim of a qualifying U-Non-immigrant visa crime which took place in Georgia on June 23 2010. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on May 19, 2022 to USCIS Vermont Service Center.[124] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[125] Plaintiff also included her spouse and child, Vidyavani Jeripothula and Laxmi Prasanna Jeripothula as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[126]

23.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on May 23, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[127] In March 2022, USCIS issued new internal cycle time goals

---

[124]  See exhibit 23
[125]  Id
[126]  Id
[127] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

for various forms, including form I-765, in order to reduce the agency's pending caseload.[128] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**24) Plaintiffs Dashrathbhai Narandas Patel and Vimlaben Dashrathbhai Patel**

24.1 Plaintiff, Dashrathbhai Narandas Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Chicago on December 22 2003. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on December 6, 2021 to USCIS Vermont Service Center.[129] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[130] Plaintiff also included her spouse, Vimlaben Dashrathbhai Patel as a beneficiary and filed forms I-918

---

[128] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[129] See exhibit 24
[130] Id

Supplement A, I–765 and I-192.[131]

24.2   Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on December 9, 2021. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[132] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[133] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[131] Id

[132] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[133] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**25) Plaintiffs Hetalben Kajalkumar Patel and Kajalkumar Baldevbhai Patel**

25.1  Plaintiff, Hetalben Kajalkumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in New Jersey on December 1 2015. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on May 17, 2022 to USCIS Vermont Service Center.[134] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[135] Plaintiff also included her spouse, Kajalkumar Baldevbhai Patel as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[136]

25.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on May 19, 2022. However, despite filing their U-visa case 2 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[137] In March 2022, USCIS issued new internal cycle time goals

---

[134]  See exhibit 25
[135]  Id
[136]  Id
[137]  *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

for various forms, including form I-765, in order to reduce the agency's pending caseload.[138] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 2 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**26)  Plaintiffs Nitinkumar Joitaram Patel and Harshidaben Nitinkumar Patel**

26.1  Plaintiff, Nitinkumar Joitram Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Pine hills, NJ on September 11 2001. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on July 21, 2022 to USCIS Vermont Service Center.[139] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[140] Plaintiff also included her spouse, Harshidaben Nitinkumar Patel as a beneficiary and filed forms I-918

---

[138] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[139] See exhibit 26
[140] Id

Supplement A, I–765 and I-192.[141]

26.2   Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on July 25, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[142] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[143] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

**27)   Plaintiff Ravikumar Patel**

27.1   Plaintiff, Ravikumar Patel, is a victim of a qualifying U-Non-immigrant

---

[141] Id

[142] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[143] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

visa crime which took place in Massachusetts on December 30 2012. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on June 27, 2022 to USCIS Vermont Service Center.[144] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[145]

27.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on June 30, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[146] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[147] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own

---

[144] See exhibit 27

[145] Id

[146] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[147] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 28) Plaintiffs Bhaveshkumar Ramabhai Patel and Pinalben Hasmukhbhai Patel

28.1  Plaintiff, Bhaveshkumar Rambhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Massachusetts on November 5 2019. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on May 16, 2022 to USCIS Vermont Service Center.[148] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[149] Plaintiff also included, Pinalben Hasmukhbhai Patel as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[150]

28.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on May 19, 2022. However, despite filing their U-visa case 1 years ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to

---

[148] See exhibit 28
[149] Id
[150] Id

issue a Bona Fide Determination Employment Authorization Document.[151] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[152] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 1 years along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 29) **Plaintiff Kaminiben Navaneetbhai Patel**

29.1 Plaintiff, Kaminiben Navaneetbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Lumberton,NJ on August 4 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on October 30, 2023 to USCIS Vermont Service Center.[153] Plaintiff also filed forms I-918 Supplement B, I-765

---

[151] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[152] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[153] See exhibit 29

and I-192 and a personal statement.[154]

29.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 3, 2023. However, despite filing their U-visa case 7 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[155] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[156] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 7 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[154] Id

[155] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[156] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**30)  Plaintiffs Mayurkumar Ranachhodbhai Patel and Ushaben Dineshlal Patel**

30.1  Plaintiff, Mayurkumar Ranchhodhbhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Chicago, IL on September 7 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on February 10, 2023 to USCIS Vermont Service Center.[157] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[158] Plaintiff also included, Ushaben Dineshlal Patel as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[159]

30.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 15, 2023. However, despite filing their U-visa case 7 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[160] In March 2022, USCIS issued new internal

---

[157]  See exhibit 30
[158]  Id
[159]  Id
[160]  *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[161] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 7 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 31) Plaintiffs Dhavalkumar Keshabhai Suthar and Urvashiben Dineshbhai Daraji

31.1  Plaintiff, Dhavalkuamr Keshabhai Suthar, is a victim of a qualifying U-Non-immigrant visa crime which took place in Chicago, IL on September 7 2022. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on January 27, 2023 to USCIS Vermont Service Center.[162] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[163] Plaintiff also included, Uarvashiben Dineshbhai Daraji as a beneficiary and filed forms I-918

---

[161] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[162] See exhibit 31
[163] Id

Supplement A, I–765 and I-192.[164]

31.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on February 7, 2023. However, despite filing their U-visa case 7 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[165] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[166] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 7 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

---

[164] Id

[165] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[166] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

**32)  Plaintiffs Kartikkumar Ketankumar Patel and Dimpalben Kartikkumar Patel**

32.1  Plaintiff, Kartikkumar Ketankumar Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Coram, NY on October 9 2016. Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on April 20, 2023 to USCIS Vermont Service Center.[167] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[168] Plaintiff also included, Dimpalben Kartikkumar Patel as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[169]

32.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on April 24, 2023. However, despite filing their U-visa case 5 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[170] In March 2022, USCIS issued new internal

---

[167]  See exhibit 32
[168]  Id
[169]  Id
[170]  *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[171] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 5 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 33) Plaintiffs Kalpeshkumar Rambhai Patel and Ashaben Kalpeshkumar Patel

33.1 Plaintiff, Kalpeshkumar Rambhai Patel, is a victim of a qualifying U-Non-immigrant visa crime which took place in Quincy, MA on November 5 2019 Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on March 31, 2023 to USCIS Vermont Service Center.[172] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[173] Plaintiff also included, Ashaben Kalpeshkumar Patel as a beneficiary and filed forms I-918 Supplement

---

[171] *See* USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs
[172] See exhibit 33
[173] Id

A, I–765 and I-192.[174]

33.2  Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on April 4, 2023. However, despite filing their U-visa case 5 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[175] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[176] As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 5 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## 34)  Plaintiffs Sonara Kiritbhai Jalpa and Sunny Dipakkumar Patel

34.1  Plaintiff, Sonara Kiritbhai Jalpa, is a victim of a qualifying U-Non-

---

[174] Id

[175] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5

[176] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

immigrant visa crime which took place in, MA on January 15 2019 Consequently, Plaintiff submitted a U Non-immigrant visa application with form I-918 on December 9, 2022 to USCIS Vermont Service Center.[177] Plaintiff also filed forms I-918 Supplement B, I-765 and I-192 and a personal statement.[178] Plaintiff also included, Sunny Dipakkumar Patel as a beneficiary and filed forms I-918 Supplement A, I–765 and I-192.[179]

34.2    Plaintiffs received an I-797C Notice of Action in connection with their U-visa application from USCIS on December 14, 2022. However, despite filing their U-visa case 9 months ago, USCIS has failed to complete a Bona Fide Determination review of their case, and as a result, USCIS has failed to issue a Bona Fide Determination Employment Authorization Document.[180] In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[181] As per USCIS' own metrics,

---

[177] See exhibit 34
[178] Id
[179] Id
[180] *See* USCIS Policy Manual, Volume 3 "Humanitarian Protection and Parole", Part C, Chapter 5 "Bona Fide Determination Process" https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5
[181] *See* USCIS' New Internal Cycle Time Goals established in March 2022 https://egov.uscis.gov/processing-times/reducing-processing-backlogs

USCIS determined it would be reasonable to review and process form I-765 within 3 months. Given Plaintiffs filed their U-visa case 9 months along with USCIS' own internal metrics, USCIS has unreasonably delayed the review and issuance of Plaintiffs' Bona Fide Employment Authorization Document, which is causing Plaintiffs significant harm.

## VII.  ARGUMENTS

### a.  Writ of Mandamus

A mandamus Plaintiff must demonstrate that: "(1) the Plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) there is no other adequate remedy available to the Plaintiff."[182]

### i. Plaintiffs Have A Clear Right To Mandamus Relief

To determine whether a Plaintiff has a clear right to relief, courts look to whether "the Plaintiff falls within the 'zone of interest' of the underlying statute."[183]  This test is a two-part inquiry. "First, the court must determine what interests the statute arguably was intended to protect, and second, the court must determine whether the 'Plaintiff's

---

[182] *See* Lovitky v. Trump, 949 F.3d 753, 759 (D.C. Cir.2020).
[183] *See* Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (discussing zone of interest test in considering a mandamus claim).

interests affected by the agency action in question are among them."[184]

In the present case, the relevant statutes are the INA 8 USC § 1101(a)(15)(U) and 8 USC § 1184(p)(6). Congress enacted 8 USC § 1101(a)(15)(U) with the intent to strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of noncitizens, felonious assault and other crimes, while also protecting victims of crimes who have suffered substantial mental or physical abuse due to the crime and are willing to help law enforcement authorities in the investigation or prosecution of the criminal activity.

Moreover, 8 USC § 1184(p)(6) states in pertinent part, "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

Accordingly, the Plaintiffs have a clear right to mandamus relief because: 1) Plaintiffs fall within the zone of interest and are intended beneficiaries of the statute because they were victims of qualified U Visa

---

[184] *See* Bangura v. Hansen, 434 F.3d 487, 499 (6th Cir. 2006) (quoting Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co., 522 U.S. 479, 492 (1998)).

crimes, suffered substantial physical or mental abuse and helped law enforcement authorities in the investigation or prosecution of the criminal activity; and 2) the Plaintiffs' interest in having USCIS complete the bona fide review of their applications is protected by statute as per 8 USC § 1184(p)(6) and this interest has been affected by USCIS' failure to complete this bona fide review.

ii. **Defendants Have A Clear Duty To Complete Their Bona Fide Determination Process In A Reasonable Time And Issue Bona Fide Employment Authorization Documents**

Courts have recognized that where a noncitizen has a right to apply for a benefit, there is an accompanying, nondiscretionary duty for USCIS to adjudicate that application.[185]   Further, the court may order the defendant to adjudicate an application or petition.[186]  Lastly, the APA 5 U.S.C. § 555(b) requires, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

---

[185] *See* e.g., M.J.L. v. McAleenan, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019) ("While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not.")
[186] *See* Villa v. DHS, 607 F. Supp. 2d 359, 363 (N.D. N.Y. 2009) (finding duty to adjudicate adjustment application in a reasonable amount of time).

In March 2022, USCIS issued new internal cycle time goals for various forms, including form I-765, in order to reduce the agency's pending caseload.[187]  As per USCIS' own metrics, USCIS determined it would be reasonable to review and process form I-765 within 3 months.

Accordingly, in the present case, the Defendants have a clear duty to complete their Bona Fide Determination review of the Plaintiffs' applications because the Plaintiffs had a right to apply for a U visa application and Form I-765, which thus created an accompanying nondiscretionary duty for Defendants to adjudicate the Plaintiffs application under the Bona Fide Determination process. Furthermore, as per the APA, Defendants' have failed to complete the Bona Fide Determination of the Plaintiffs' applications within a reasonable time given the Defendants are substantially outside of the 3-month goal established by USCIS' own metrics to adjudicate form I-765.

### iii. Plaintiffs Have No Other Adequate Remedy Available

A mandamus Plaintiff must show that no other remedy is available.[188]

---

[187] See USCIS' New Internal Cycle Time Goals established in March 2022
https://egov.uscis.gov/processing-times/reducing-processing-backlogs

[188] *see* Wolcott v. Sebelius, 635 F.3d 757, 768 (5th Cir. 2011); Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380-381 (2004).

A remedy "is adequate if it is 'capable of affording full relief as to the very subject matter in question.'"[189]  In some cases, courts have found that no other adequate remedy exists where the immigration agency failed to timely process immigration applications.[190]

In the present case, Plaintiffs have contacted USCIS and requested a Bona Fide determination review of their applications, but to no avail.[191] Therefore, Plaintiffs have exhausted any administrative remedy available to them and this Honorable Court compelling USCIS to complete their Bona Fide Determination review of the Plaintiffs' applications is the only adequate remedy available.

### b. Administrative Procedures Act

As per 5 U.S.C. § 555(b), the APA requires agencies to conclude matters "within a reasonable time," and authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed."[192]  To be entitled to relief under the APA, a Plaintiff must show either that the agency unlawfully withheld action it was required to take, such as when an agency fails to meet a congressionally-set deadline, or that the

---

[189] *See* Wolcott, 635 F.3d at 768.
[190] See, Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) (finding no other available remedy for SIJS relief).
[191] See Exhibit 35
[192] *See* 5 U.S.C. 706(1)

agency unreasonably delayed taking "a discrete agency action that it is required to take."[193]

## i. Defendants Unreasonably Delayed Taking a Discrete Agency Action That It Is Required to Take

Courts have found that this requirement is identical to the requirement of a mandamus claim, that the Plaintiff has a clear right to a mandatory duty.[194]

Where action is unreasonably delayed, courts generally balance the factors laid out in Telecommunications Research & Action Center v. FCC ("TRAC"), to determine whether to compel agency action.[195] These factors are "hardly ironclad, and sometimes suffer from vagueness" but "nevertheless provide useful guidance, and include:[196]

(1) the time agencies take to make decisions must be governed by a "rule of reason";

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling

---

[193] *See* Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004).

[194] *See* Indep. Mining Co., Inc. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (explaining that a claim seeking mandamus under the Mandamus Act is essentially the same as one for relief under § 706 of the APA); Sawan v. Chertoff, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008) (same).

[195] *see* Telecommunications Research & Action Center v. FCC (TRAC), 750 F.2d 70 (D.C. Cir. 1984); *see also*

[196] *See TRAC, 750 F.2d at 80.*

statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

## 1) TRAC Factors 1 and 2

Courts have found delays in adjudicating immigration applications to be unreasonable when the delays are lengthy.[197]    In Gonzalez v. Cuccinelli, the Fourth Circuit reversed the district court's dismissal of Plaintiffs' claim that USCIS unreasonably delayed deciding whether to

---

[197] *see* Kashkool v. Chertoff, 553 F. Supp. 2d 1131, 1147 (D. Ariz. 2008) (finding that the nearly six-year delay in adjudicating Plaintiff's adjustment application was unreasonable); Aslam v. Mukasey, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding a nearly three-year delay in the adjudication of an adjustment application unreasonable).

place them on the waiting list.[198]  The court emphasized the factual nature of an unreasonable delay claim and indicated, first, that Plaintiffs alleged "weighty" health and welfare interests and harm from the delay and, second, that there was insufficient evidence in the record to determine whether the agency's implementation of its "first in, first out" process, and exceptions to this process, were reasonable.[199] Numerous district courts agree with this result.[200]

As per USCIS's internal cycle goals of 3 months for processing form I-765, the Defendants are unreasonably delayed given the Plaintiffs' applications were filed 1-2 years ago.

## 2) TRAC Factors 3 and 5

Under the third and fifth TRAC factors, which are generally analyzed together, a court must consider the impact that the delays have on human health and welfare, and the nature and extent of the interests prejudiced by delay.[201]  Courts have found that delays in the immigration context jeopardize human welfare and significantly

---

[198] *See* Gonzalez v. Cuccinelli, 985 F.3d 357, 2021 U.S. App. LEXIS 1012, *35 (4th Cir. Jan. 14, 2021).
[199] Id
[200] See, e.g., Gonzalez v. U.S. DHS, No. 2:20-cv-1262 WBS JDP, 2020 U.S. Dist. LEXIS 210641, 25-33 (E.D. Cal. Nov. 10, 2020); Romero-Ramires v. Wolf, No. 1:20CV-203-KWR-SMV, 2020 U.S. Dist. LEXIS 195854, at *4-8 (D. N.M. Oct.20, 2020); M.J.L. v. McAleenan, 420 F. Supp. 3d 588, 598 (W.D. Tex. 2019)
[201] *See* TRAC, 750 F.2d at 80.

prejudice noncitizens.[202]   In the present case, the Plaintiffs' health and welfare are substantially prejudiced by the Defendants unreasonable delay, including but not limited to, adverse impacts to the Plaintiffs employment, inability to apply for drivers' license, inability to apply for health insurance and inability to travel.

### 3) TRAC Factor 4

Courts will consider the effect of expediting delayed action on agency activities of a higher or competing priority. Although USCIS has sometimes argued relief in a particular case is not justified because it would allow the person to jump the queue, courts have rejected this argument. In particular, some courts have found that there is insufficient evidence in the record as to the existence of a queue, the Plaintiff's place in the queue, or USCIS' procedures for determining the order of adjudications.[203]   In addition, the United States District Court for the District of South Carolina explicitly rejected USCIS' argument

---

[202] See Asmai v. Johnson, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016) (concluding that an asylee's welfare was "damaged by this unreasonable delay and the insecurity of his immigration status"); Hosseini v. Napolitano, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014) (crediting the Plaintiff's allegation that a delayed adjudication creates "impediments to travel and adverse impacts to [the noncitizen's] employment"); Geneme v. Holder, 935 F. Supp. 2d 184, 194 (D.D.C. 2013) (same); Kashkool v. Chertoff, 553 F. Supp. 2d 1131, 1145 (D. Ariz. 2008) (same).

[203] See, Doe v. Risch, 398 F. Supp. 3d 647, 658 (N.D. Cal. 2019) (noting that defendants did not establish the number of pending derivative asylum applications or the existence of a queue);

that the Plaintiffs' U visa petition should not be prioritized because there was no evidence that the agency adjudicated petitions "in the order in which they are received".[204] Other courts have concluded that a lack of resources is a political problem which should not adversely impact the Plaintiff.[205]

## 4) TRAC Factor 6

The absence of bad faith does not impair an otherwise strong claim.[206] In the present case, Plaintiffs need not prove Defendants acted in bad faith in order to successfully prove the Defendants are unreasonably delayed in completing their Bona Fide Determination review of Plaintiffs' application.

## Claims for Relief

## Count I
## Unreasonable Delay in Agency Action
## 5 U.S.C. § 555(b)

1. All previous paragraphs are incorporated as though fully set forth

---

[204] *See* Solis v. Cissna, No: 9:1800083-MBS, 2019 U.S. Dist. LEXIS 229051, at *51-52 (D.S.C. July 11, 2019) (rejecting USCIS' argument that Plaintiff's U visa petition should not be prioritized where there was no evidence that the agency adjudicated petitions "in the order in which they are received").

[205] See, e.g., Zhou v. FBI, No. 07-cv-238-PB, 2008 U.S. Dist. LEXIS 46186, at *22 (D.N.H. June 12, 2008) (explaining that "[i]t is not the aggrieved applicants who have created th[e lack of resource] problem, and it would not be appropriate for the courts to shift the burdens of this . . . onto the shoulders of individuals immigrants"); see also Aslam v. Mukasey, 531 F. Supp. 2d 736, 745 (E.D. Va. 2008) (concluding that "the prospect that other applicants deprived of timely adjudications may follow [the successful petitioner] and seek judicial recourse is no justification for withholding relief that is legally warranted").

[206] *See* TRAC, 750 F.2d at 80.

herein. The Defendants have a statutory obligation to process the petitions for U nonimmigrant status and waitlist placement within a reasonable time. 5 U.S.C. § 555 (b).

2. The Defendant's delay is unreasonable and therefore violates 5 U.S.C. § 555 (b).

### Count II
### Mandamus
### 28 U.S.C. § 1361

3. All previous paragraphs are incorporated as though fully set forth herein. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to Plaintiff. The Defendants have a regulatory, ministerial obligation to place all eligible petitioners for U nonimmigrant status on the waiting list.[207]

4. The Defendants have a duty to place all the Plaintiffs on the waiting list. The Defendants failure to perform this duty violates the regulation.

---

[207] 8 C.F.R. § 214.14(d).

## Count III
## Unreasonable Delay in Agency Action
## Bona Fide Work Authorization

5. All previous paragraphs are incorporated as though fully set forth herein. Under INA § 214(p)(6), the Defendants have an obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

6. The Defendants have failed to issue work authorization to all the Plaintiffs.  The Defendants failure to issue work authorization to Plaintiffs violates INA § 214(p)(6) and 5 U.S.C. § 555 (b).

## Request for Relief

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

A.   Declare that Defendants have a duty to place Plaintiffs and their beneficiaries on the waiting list for U nonimmigrant status and grant deferred action;

B.   Order Defendants to comply with 8 C.F.R. § 214.14(d)(2) and place Plaintiffs on the U Visa waitlist;

C.   Order Defendants to issue work authorization to all the Plaintiffs

and their beneficiaries;

D.   Award all other relief to Plaintiffs that it deems just, equitable, and

proper.

Respectfully submitted this 25th day of September, 2023

Tejas G. Patel,Esq.
MA BBO: 691567
tejas.p@tplglobal.net
T.P.L. Global, LLC
Address: 100 Tradecenter, Suite G700,
Woburn, MA 01801,
United States
Phone: 1 617-391-7741